HUDSON AND MANHATTAN RAILROAD COMPANY, Appellant, *v.* LAWRENCE S. MAYERS and Another, Respondents.

(Supreme Court, Appellate Term, First Department, October Term — Filed December, 1921.)

Landlord and tenant — landlord's election to terminate tenancy for substantial structural change or rebuilding — changes by subsequent lessee.

> A lease provided that it might be terminated on or at any time subsequent to January 1, 1921, by mailing to the tenant a six-months' notice of the landlord's election to terminate the lease, " such right, however, to be exercised by the lessor only

in the event of its intended substantial structural change or rebuilding of said premises." *Held*, that a notice given on December 3, 1920, of the landlord's election to terminate the lease on June 4, 1921, was sufficient, and a final order dismissing a summary proceeding against the tenant as a holdover will be reversed and a new trial ordered.

The fact that within a few days after the giving of the notice the premises were leased to a third party, which agreed with the landlord to make certain changes in the building, did not, as matter of law, deprive the landlord of his right to terminate the lease by the giving of the notice.

APPEAL by landlord from final order of the Municipal Court, borough of Manhattan, first district, dismissing petition in summary proceedings.

Jerome Eisner, for appellant.

Stoddard & Mark (Yorke Allen, of counsel), for respondents.

WAGNER, J. In this summary proceeding brought against the tenants for holding over after the expiration of their term the lease provides that " the lessor shall have the right to terminate this lease on January 1, 1921, or at any time subsequent thereto by mailing to the lessee at least six months before such termination date, a written notice to that effect, such right, however, to be exercised by the lessor only in the event of its intended substantial structural change or rebuilding of said premises."

On December 3, 1920, the landlord gave the tenants notice of its election to terminate the lease June 4, 1921, " because of our intention to make substantial structural change or rebuild said premises." Within a few days after the giving of the notice a lease of the premises was given by the landlord to a third party,

which agreed with the landlord to make certain changes in the building. The tenants refusing to surrender possession the landlord instituted the summary proceeding, and the petition was dismissed by the trial court.

The dismissal was based on the grounds, *first,* that under the provision above quoted the landlord could not prior to January 1, 1921, serve a notice terminating the lease; and, *second,* that the landlord could not cancel the lease because a subsequent lessee desired to make alterations in the premises.

The learned trial judge was in error in holding that the notice was insufficient, for it clearly appears from the lease that it could be terminated on January 1, 1921, or at any time subsequently by at least six months' notice given before such termination date.

As to the second ground of the dismissal, the essential allegation of the landlord's petition was its intention to make substantial structural change in or rebuild the premises. The intention of a lessee under a lease made after the service of the six months' notice would be unavailing here, for this proceeding was not and could not be brought on an intention formed by one other than the lessor after the giving of the notice. It is, therefore, unnecessary to determine whether under the covenant of the lease a subsequent lessee could have recourse to the provision therein for its termination prior to the expiration of the specified term. If the lessor, the petitioner herein, at the time of the giving of the notice had the intention of making substantial structural changes in or to rebuild the premises, his election could not be defeated merely because he desired to make those changes through the instrumentality of a subsequent lessee rather than directly by a contractor. The method of carrying out this work — whether by the lessor or by a subsequent

Court of Claims, December, 1921.     [Vol. 117.

lessee — would be proper for consideration by the jury as throwing light on the good faith of the landlord as to his alleged intention, but should not as matter of law deprive the lessor of the benefit of the covenant.

The landlord's counsel endeavored to show the intention of the lessor at the time of the giving of the notice to make structural changes in the building; but the objections of the tenants' counsel to such evidence were sustained by the trial court over the appellant's exceptions, for the reason apparently that the subsequent lessee had agreed to make the alterations. This was error to the prejudice of the petitioner.

Final order reversed and new trial ordered, with thirty dollars costs to the appellant to abide the event.

Guy and Bijur, JJ., concur.

Order reversed.